UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MKRTICH MELKONIAN,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 1:26-cv-8673-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, who was born in the USSR in what is now the Republic of Armenia, was ordered removed from the United States by an immigration judge on April 16, 2026. Petitioner has been detained in immigration custody for purposes of removal since that date. Proceeding through counsel, petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a significant likelihood of removal in the reasonably foreseeable future violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner was born in the USSR in 1986 and emigrated to the United States when he was a child. ECF No. 1-2 at 2. The location of his birth is now the Republic of Armenia. *Id.* Petitioner asserts that he is a "stateless individual." ECF No. 1 at 19.

Petitioner served a twenty-one-year sentence in California state prison for attempted murder with a firearm. ECF No. 11-2 at 3; ECF No. 11-4 at 16. While petitioner was in state prison, he sought a treaty transfer to serve the remainder of his sentence in Armenia. *See* ECF No. 1-3 at 31. The Republic of Armenia refused the transfer on August 10, 2017, noting the "absence of any relevant documents proving [that petitioner had] Armenian citizenship." *Id.* On approximately May 20, 2025, ICE took petitioner into custody upon his release from state prison. ECF No. 1-2 at 3.

On January 12, 2026, through counsel, petitioner filed his first petition for writ of habeas corpus seeking his release from immigration custody. *M. v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-0194-TLN-JDP, 2026 WL 482744 (E.D. Cal. Feb. 20, 2026), *report and recommendation adopted in part*, 2026 WL 2516851 (E.D. Cal. Aug. 26, 2026) (hereinafter "*Melkonian I*"). Respondents opposed the petition and argued that petitioner's detention was authorized under 8 U.S.C. § 1226(c), which allows respondents to mandatorily detain a noncitizen convicted of certain criminal offenses. *Id.*, ECF No. 9. The matter was fully briefed by early February 2026, and the undersigned issued findings and recommendations on February 20, 2026, recommending that the petition be denied. *Id.*, ECF No. 15.

On April 16, 2026, while the first petition for writ of habeas corpus was pending, an immigration judge ordered petitioner removed to Armenia. ECF No. 11-1 at 5. Petitioner waived appeal, rendering the removal order final.[1] *Id.* at 6. On April 24, 2026, ICE requested that the Armenian government return a travel document for petitioner within seven days. ECF No. 11-3 at 1. Petitioner supplied information to enable the issuance of a travel document. *Id.* at 2-5. On June 11, 2026, the Armenian consulate notified ICE that the request was "under review and they had no further update at this time."[2] ECF No. 11-1 at 2.

---

[1] Neither party notified the court in *Melkonian I* that petitioner had been ordered removed by an immigration judge in April 2026, and that the statutory basis for his detention had shifted to 8 U.S.C. § 1231.

[2] On July 24, 2026, petitioner filed a second petition for writ of habeas corpus, in pro se. *Melkonian v. Warden, Golden State Annex*, No. 1:26-cv-5794-KES-SAB. On July 31, 2026, the court dismissed that petition as duplicative of *Melkonian I*. *Id.*, ECF No. 9.

On August 26, 2026, in *Melkonian I*, the court ordered that respondents provide petitioner a bond hearing based on his prolonged mandatory detention pursuant to 8 U.S.C. § 1226(c).[3] *Melkonian I*, 2026 WL 2516851. On September 4, 2026, an immigration judge held the bond hearing ordered by the court, pursuant to 8 C.F.R. § 1236, and denied bond on the basis of danger.[4] ECF No. 11-1 at 8.

ICE continued to request status updates from the Armenian consulate regarding the issuance of travel documents. *See* ECF No. 11-1 at 2. On September 7, 2026, the Armenian consulate notified ICE that it was "first assessing whether [petitioner] can be recognized as an Armenian citizen in order to determine whether a return certificate to the Republic of Armenia can be issued." *Id*. ICE's most recent inquiry, on October 26, 2026, has gone unanswered. *Id.*

## Procedural History

On October 21, 2026, petitioner filed the instant petition for writ of habeas corpus and a motion for temporary restraining order. ECF No. 1. The court related this matter to the prior petitions. ECF No. 5. On October 29, 2026, respondents filed an answer to the petition. ECF No. 11. Petitioner filed a traverse the same day. ECF No. 12. On October 30, 2026, the court referred the matter to the undersigned. ECF No. 13.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of

---

[3] In granting the writ of habeas corpus, the court noted that Armenia's response to petitioner's request for a treaty transfer "taken at face value, . . . suffices to show that the Armenian government may not accept Petitioner, or will be delayed in doing so . . . ." 2026 WL 2516851 at *1.

[4] This set of regulations concerns the "detention of aliens prior to an order of removal" and thus no longer applied to petitioner at the time of his bond hearing.

reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his prolonged detention pending removal violates due process because there is no significant likelihood of his removal in the reasonably foreseeable future. ECF No. 1 at 28. Respondents argue that petitioner's detention is authorized under 8 U.S.C. § 1231(a)(6), which allows respondents to hold a noncitizen for removal beyond the 90-day period provided in 8 U.S.C. § 1231(a)(1). ECF No. 11 at 3. Respondents contend that although the presumptively reasonable six-month period under *Zadvydas* has run, petitioner has failed to provide a good reason to believe that his removal is not reasonably foreseeable. *Id.* at 2.

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal. 533 U.S. 678 (2001). The Court held that although the government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at 699. The Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months after the final order of removal.

However, petitioner has been detained for over six months under section 1231 and must only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to shift the burden to the government, which "must respond with evidence sufficient to rebut that showing." *Id.* at 701. Petitioner has met this burden. Petitioner provided evidence that Armenia has previously failed to recognize him as a citizen when he requested a treaty transfer in 2017. ECF No. 1-3 at 31. Although this does not conclusively establish that he will never be recognized as an Armenian citizen, the Republic of Armenia's inability to verify him as a citizen for the past six months, *see* ECF No. 11-1 at 2, gives the court "good reason to believe" that there is no significant likelihood of his removal in the reasonably

foreseeable future under *Zadvydas*.

Respondents have not provided any "evidence sufficient to rebut that showing" under *Zadvydas*. *See* 533 U.S. at 701. In fact, respondent's evidence confirms that there is no significant likelihood of petitioner's removal to Armenia in the reasonably foreseeable future. Courts have repeatedly found that similar evidence was insufficient to rebut the unreasonableness of prolonged detention under *Zadvydas*. *See Andreasyan v. Gonzales*, 446 F. Supp. 2d 1186, 1189 (W.D. Wash. 2006) (evidence that the petitioner's case was "still under review and pending a decision" insufficient to rebut *Zadvydas* claim); *Islam v. Kane*, No. 11-cv-515- PGR-LOA, 2011 WL 4374226, at *3 (D. Ariz. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4374205 (D. Ariz. Sept. 20, 2011) (repeated statements from foreign consulate that the travel document request was pending insufficient); *Khader v. Holder*, 843 F. Supp. 2d 1202, 1208 (N.D. Ala. 2011) (pending travel document request insufficient, where "[t]he government offers nothing to suggest when an answer might be forthcoming or why there is reason to believe that he will not be denied travel documents"); *Mohamed v. Ashcroft*, No. 01-cv-1747-P, 2002 WL 32620339, at *1 (W.D. Wash. Apr. 15, 2002) (pending travel document request insufficient). As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful, and I recommend his immediate release.[5] *See Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, *2 (E.D. Cal. May 18, 2026); *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025).

Petitioner also raises a claim against removal to a third country without notice and an opportunity to be heard. ECF No. 1 at 30-31. In opposition, respondents cite *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022) for the premise that the court lacks jurisdiction over these claims under 8 U.S.C. § 1252(g). *See* ECF No. 11 at 3. As petitioner notes, the Court of Appeals has

---

[5] Respondents attach petitioner's rap sheet and criminal history records, but do not assert any relevance to this determination. *See* ECF No. 11-4 at 17-44. The Court of Appeals has held that "dangerousness cannot justify indefinite detention under *Zadvydas*." *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Obando Vargas*, 2026 WL 2056618, at *2 (noting that the court has reminded the respondent's counsel multiple times that "criminal history is not relevant to the inquiry established in *Zadvydas* [] and advised counsel not to clog this court's docket with irrelevant evidence").

squarely held that section 1252(g) does not bar consideration of these claims. *Ibarra-Perez v. United States*, 154 F.4th 989, 997-1000 (9th Cir. 2025). Section 1252(g) concerns discretionary decisions by the Attorney General about when or whether to remove a noncitizen. *Id.* However, section 1231(b)(3)(A) prohibits the Attorney General from removing a noncitizen to a country where that person would be subject to persecution. *Id.* "DHS must also 'notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported'; otherwise, DHS violates their constitutional right to due process." *Id.* at 995 (quoting *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999)). As the process due a noncitizen in connection with third-country removal is mandatory under statutory and constitutional law, section 1252(g) does not bar the court's jurisdiction to consider claims challenging that lack of process. *Id.* at 999.

Respondents raise no other opposition to petitioner's third-country removal claims, and—importantly—do not disclaim any intent to remove him to a third country.[6] ECF No. 11 at 3-4. Accordingly, I will recommend that respondents not remove petitioner to a third country without providing him notice and an opportunity to be heard.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 078-112-451) from their custody.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they obtain a travel document for his removal, if applicable, and they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. Respondents are ENJOINED AND RESTRAINED from removing petitioner to a third

---

[6] Rather, respondents specifically cite the possibility of a third-country removal in their *Zadvydas* opposition. *See* ECF No. 11 at 3.

country without notice and an opportunity to be heard.

5. The Clerk of Court be directed to serve the Golden State Annex Detention Facility with a copy of this order.

6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE